JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Coburn Technologies International, Inc.

## DEFENDANTS

Edward de Rojas, Solaris Optical Coatings L.L.C. and Gemini Optics II LLC

**(b)** County of Residence of First Listed Plaintiff   Hartford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Melvin A. Simon, Esq., Cohn Birnbaum & Shea P.C., 100 Pearl St, 12th Floor, Hartford, CT  06103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☒ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   Another District
   *(specify)*

☐ 6 Multidistrict
   Litigation -
   Transfer

☐ 8 Multidistrict
   Litigation -
   Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Violation of Transition Services and Non Compete Agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                     DOCKET NUMBER

DATE
09/11/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **COBURN TECHNOLOGIES INTERNATIONAL, INC.,**<br><br>                    **Plaintiff,**<br><br>**vs.**<br><br>**EDWARD de ROJAS, SOLARIS OPTICAL COATINGS L.L.C., AND GEMINI OPTICS II LLC.,**<br><br>                    **Defendants.** | **CIVIL ACTION**<br><br><br>**CASE NO.**<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**SEPTEMBER 6, 2019** |

### VERIFIED COMPLAINT FOR
### MONEY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Coburn Technologies International, Inc. ("Coburn") for its Complaint against Edward de Rojas, Solaris Optical Coatings L.L.C. ("Solaris") and Gemini Optics II LLC. ("Gemini") alleges as follows:

### The Parties

1.       The Plaintiff, Coburn, is a Delaware corporation with an office and place of business at 83 Gerber Road West, South Windsor, Connecticut.  Coburn is engaged in the business of providing computer integrated ophthalmic lens processing systems and ophthalmic instruments and supplies used in all aspects of surfacing prescriptions in lens blanks, coating and finishing lenses around the globe.

2.       The Defendant, Edward de Rojas, is an individual residing in the State of Texas.

3.      The Defendant, Solaris is a Florida limited liability company with a principal place of business as 8925 SW 148th Street, Suite #218, Miami, Florida 33176.

4.      The Defendant, Gemini is a Florida limited liability company with a principal place of business as 8925 SW 148th Street, Suite #218, Miami, Florida 33176.

### General Allegations

5.      Defendants, Edward de Rojas, Solaris and Gemini have engaged in conduct that is violative of a non-compete agreement entered into with the Plaintiff.  Under a Non-Compete Agreement and Purchase Agreement by and between the Plaintiff and Defendants more fully described in Paragraph 14 below, Defendants agreed not to compete with Plaintiff in the selling or servicing of any product which is or would be competitive with the UV Products marketed by Coburn ("UV Products").

6.      The Plaintiff, Coburn, has for some time believed that the Defendants had been in violation of the Non-Compete Agreement.

7.      The Plaintiff recently was informed by a customer that Edward de Rojas, Solaris and/or Gemini are inducing that customer to purchase competitive UV Products for considerably less money than is being charged by Coburn.  As a consequence, Coburn has lost the customer.

8.      Defendant de Rojas has also solicited a third party to act as a sales agent in his efforts to sell competitive UV Products.

9.    Coburn has issued cease and desist letters to de Rojas, Solaris and Gemini as well as the manufacturer of the UV Product.

10.    In response to the cease and desist letters, de Rojas, Solaris and Gemini have denied the conduct; however, the manufacturer of the product, Extraordinary Coating Solutions LLC ("Extraordinary Coating") admitted that it had engaged Mr. de Rojas as an independent contractor in machine process control and has since, as a consequence of Plaintiff's notice, terminated its relationship with Mr. de Rojas.

### Jurisdiction and Venue

11.    This Court has subject matter jurisdiction over this civil action because the parties are citizens of different states under 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000 exclusive of interests and costs.

12.    This Court has personal jurisdiction over the corporate Defendants because under Connecticut General Statutes § 33-929(f)(1) the foreign corporation Defendants are subject to suit in this state where the cause of action pled in this Complaint arise out of a contract, here the Non-Compete Agreement, to be performed in this state under Connecticut law.

13.    Defendants have also consented to the jurisdiction of this Court and venue in this District in the Non-Compete Agreement and the causes of action pled in this Complaint arise out of violation of such Non-Compete Agreement.

14.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## Factual Allegations

15.     On or about June 12, 2012, Coburn, Solaris, Edward de Rojas and Gemini entered into a Transition Services and Non-Compete Agreement with Coburn ("Non-Compete Agreement").

16.     The Non-Compete Agreement provides that for a period of ten years after the date of the agreement, the Defendants, Solaris, de Rojas and Gemini, shall not directly or indirectly

> engage or become interested, anywhere in the world, as an owner, partner, consultant, representative, agent, officer, director, or through stock ownership (except for the ownership of less than one percent (1 %) of the number of shares outstanding of any securities which are listed for trading on any national securities exchange or are traded on any automated quotation system), investment of capital, lending of money or property, rendering of services, or otherwise, whether alone or in association with others, in the business of designing, manufacturing, distributing, promoting, marketing, selling or servicing any product which is or would be competitive with the UV Products sold to Buyer under the Purchase Agreement;

Non-Compete Agreement, Section 2.1(a).

17.     The Purchase Agreement refers to an Asset Purchase Agreement dated March 20, 2012 by and Between Solaris and Edward de Rojas as sellers and Coburn ("APA").

18.    UV Products is defined in the APA as "All products (including without limitation any new products which may hereafter be developed other than non-opthalmic products utilizing only Other IP) incorporating any UV Intellectual Property.

19.    UV Intellectual Property is defined in the APA as "All Intellectual Property and tangible property of any kind related to the UV MAX Patent, and/or to all other UV cured hardcoating formulations."

20.    The UV MAX Patent refers to "all inventions and improvements for which an application for Letters Patent of the United States was executed on related divisional US Patent Application filed May 27, 2010, and assigned U.S. Patent Application No. 12/800,1990 and all right, title and interest in and to such Patent Application as more particularly set forth in that certain Assignment of Patents which is attached to the APA as Exhibit A.

21.    As an express condition of the purchase by Coburn of certain assets owned by Solaris and substantial additional consideration, Solaris, de Rojas and Gemini entered into the Non-Compete Agreement recognizing the competitive nature of the design, manufacture and supplying of aspects of surfacing prescriptions, lens blanks, coating and finishing lenses.

22.    Moreover, the Non-Compete Agreement provides that Solaris, de Rojas and Gemini shall not divert or attempting to divert from Coburn any business whatsoever by influencing or attempting to influence, or soliciting or attempting to solicit, any customers of Coburn.

23.     Coburn derives independent economic value and paid substantial consideration to Solaris, de Rojas and Gemini to ensure that they would not compete with Coburn during the ten-year period in which the Non-Compete Agreement was in force and to the extent that the Non-Compete Agreement was violated for a ten-year period from any such violation.

24.     On or about August 14, 2019, Coburn was contacted by one of its customers asking for price concessions and indicating that it was being offered an optical coating product under the trade name DURA MAX by the Defendant, Edward de Rojas, who was acting on behalf of Solaris.

25.     Defendant de Rojas represented to the customer that he developed Plaintiff's coating solutions and thus is using his prior ownership of the Plaintiff's assets to promote competitive products in violation of the Non-Compete Agreement.

26.     Even the name of the product that de Rojas is offering for sale, DURA MAX, is intended to be similar to Plaintiff's products which are marketed under the trade names, DURA UV and UV MAX and thus confuse Plaintiff's customers and potential customers.

27.     DURA MAX is a product which is directly competitive with the UV Products sold by Solaris and de Rojas to Coburn under the APA.

28.     The solicitation of Coburn's customer, Simplify Optics, by de Rojas and/or Solaris is in direct violation of the Non-Compete Agreement.

29.     Upon information and belief, de Rojas and Solaris are marketing competitive products to others in the global market and specifically to customers of Coburn in an attempt to divert business from Coburn in violation of the Non-Compete Agreement.

30.     Article 2.8 of the Non-Compete Agreement provides:

> In the event of the breach of any provision contained in this Article 2, Providing Parties agree that the Buyer shall be entitled to injunctions, both preliminary and final, without bond or security, enjoining and restraining such breach or threatened breach and such remedies shall be in addition to all other remedies which may be available to the Buyer either pursuant to applicable law or in equity.   Providing Parties agree and acknowledge that a violation of the provisions of Article 2 hereof shall cause the Buyer to suffer irreparable damages, including the Buyer's probable inability to prove specific money damages, and the necessity that the Buyer interrogate customers and employees concerning the nature and extent of the violations.   Providing Parties further acknowledge that Providing Parties are hereby estopped from subsequently asserting in any action to enforce the provisions of Article 2 hereof that the Buyer has an adequate remedy at law and is not entitled to injunctive relief.

31.     Coburn's counsel issued cease and desist notices to Solaris, de Rojas and Gemini, and to the manufacturer of DURA MAX.

32.     While de Rojas responded to the cease and desist notices denying any violative activity, Extraordinary Coating responded by denying that de Rojas was distributing its product but admitting that de Rojas has been engaged by them as an independent contractor in violation of the Non-Compete Agreement.

33.     In de Rojas's response to the cease and desist notice, he falsely asserts that he is entitled to market competitive products in Latin America, South America and Central America, which is further indication that de Rojas is acting in flagrant violation of the Non-Compete Agreement.  While the Non-Compete Agreement provides a limited carve out which permits de Rojas to assist a specific licensee in the Caribbean, South America, Central America and Mexico with sales, it does not extend to the activities that Defendant de Rojas asserts.

34.     Unless Solaris, de Rojas and Gemini are restrained from further violations of the Non-Compete Agreement and/or the sale of products competitive with all products marketed by Coburn, Coburn will sustain substantial irreparable harm and economic loss in excess of $75,000.00.

35.     Unless restrained, the Defendants will continue to induce, encourage and facilitate breach of the Non-Compete Agreement and solicitation of Coburn's customers.

**First Count (as to All Defendants):  Breach of the Non-Compete Agreement**

1.-35.  Paragraphs 1 through 35 of the Factual Allegations are incorporated as if fully set forth herein as Paragraphs 1 through 35 of the First Count.

36.     Solaris, de Rojas and Gemini have breached their obligations under the Non-Compete Agreement by, among other things, offering, distributing, promoting, marketing or selling a product which is or would be competitive with the UV Products under the APA.

37.     Coburn will suffer substantial, immediate and irreparable harm and damages unless Solaris, de Rojas and Gemini are enjoined from breaching the Non-Compete Agreement.

**Second Count (as to All Defendants):  Unfair Trade Practices**

1.-37.   Paragraphs 1 through 37 of the First Count are incorporated as if fully set forth herein as Paragraphs 1 through 37 of the Second Count.

38.     At all relevant times, Coburn, Solaris, de Rojas and Gemini were persons within the meaning of Connecticut General Status § 42-110(a)(3).

39.     At all relevant times, the Defendants were engaged in trade or commerce within the State of Connecticut.

40.     Coburn will suffer substantial, immediate and irreparable harm and damages unless the Defendants are enjoined from inducing and facilitating Solaris's, de Rojas's and Gemini's breach of their contractual obligations to Coburn.

41.     In addition, Coburn has been damaged as a result of the Defendants' conduct.

42.     The acts, omissions, misrepresentations and concealments of Extraordinary Coating's, Solaris's, de Rojas's and Gemini's conduct described above are unfair, deceptive, immoral, unethical, scrupulous and oppressive and constitute violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Status § 42-110(a), *et seq.,* and have caused substantial injury to Coburn.

43.     As a direct and proximate result of the conduct of the Defendants, Coburn has sustained an ascertainable loss of money.

44.     Pursuant to Connecticut General Status § 42-110g(c), a copy of this Verified Complaint has been electronically submitted to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection of the State of Connecticut at cutpa@ct.gov.

**Third Count (as to All Defendants):  Declaratory Judgment**

1.-44   Paragraphs 1 through 44 of the Second Count are incorporated as if fully set forth herein as Paragraphs 1 through 44 of the Third Count.

45.     Coburn seeks a declaratory ruling that de Rojas, Solaris and Gemini breached the Non-Compete Agreement and that the ten-year non-competition period provided for in such agreement is thereby extended as a consequence of such breach in accordance with Paragraph 2.7 of the Non-Compete Agreement.

46.     Coburn seeks a declaratory ruling that de Rojas, Solaris and Gemini shall not engage or become interested, anywhere in the world, as an owner, partner, consultant, representative, agent, officer, director, or through stock ownership (except for the ownership of less than one percent (1 %) of the number of shares outstanding of any securities which are listed for trading on any national securities exchange or are traded on any automated quotation system), investment of capital, lending of money or property, rendering of services, or otherwise, whether alone or in association with others, in the business of designing,

manufacturing, distributing, promoting, marketing, selling or servicing any product which is or would be competitive with the UV Products sold to Buyer under the Purchase Agreement except that de Rojas has the right to assist Isabel Maria Barrera Juan ("Licensee"), solely with respect to the sale by Licensee in the Caribbean, South America, Central America and Mexico.

WHEREFORE, Coburn claims:

1.      That Solaris, de Rojas, Gemini be preliminarily and permanently enjoined from:

(a)      For a period of ten years from the date of such order engaging in or becoming interested in anywhere in the world, as an owner, partner, consultant, representative, agent, officer, director, or through stock ownership (except for the ownership of less than one percent (1%) of the number of shares outstanding of any securities which are listed for trading on any national securities exchange or are traded on any automated quotation system), investment of capital, lending of money or property, rendering of services, or otherwise, whether alone or in association with others, in the business of designing, manufacturing, distributing, promoting, marketing, selling or servicing any product which is or could be competitive with the UV Products sold to Coburn;

(b)      Diverting or attempting to divert from Coburn any business whatsoever by influencing or attempting to influence, or soliciting or attempting to solicit, any customers of Coburn; and

(c)      Destroying, erasing, disposing of, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in electronic format or on computer media) in the possession of the Defendants' custody or control which were obtained from or contained in information derived from Coburn's records, which pertain to Coburn's customer list.

2.      Monetary damages.

3.      Attorney's fees and costs pursuant to the Non-Compete Agreement.

4.      Punitive damages pursuant to Connecticut General Statutes § 42-110g(a).

5.      Costs and attorneys' fees pursuant to Connecticut General Statutes

§ 42-110g(d).

6.      A Declaratory Judgment that the contractual period of non-competition binding

Solaris, de Rojas and Gemini be extended to such date as this Court shall determine.

7.      Court costs.

8.      Such other and further relief as the Court may deem appropriate.

**THE PLAINTIFF,**
**COBURN TECHNOLOGIES INTERNATIONAL,**
**INC.**

By _____
     Melvin A. Simon
     Cohn Birnbaum & Shea P.C.
     Its Attorneys
     100 Pearl Street, 12th Floor
     Hartford, CT 06103
     Telephone: 860-493-2200
     Fax: 860-727-0361
     Federal Bar #ct05248
     msimon@cbshealaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **COBURN TECHNOLOGIES INTERNATIONAL, INC.,**<br>              **Plaintiff,**<br><br>vs.<br><br>**EDWARD de ROJAS, SOLARIS OPTICAL COATINGS L.L.C., AND GEMINI OPTICS II LLC.,**<br>              **Defendants.** | **CIVIL ACTION**<br><br><br>**CASE NO.**<br><br><br>**VERIFICATION** |

## VERIFICATION

I, Alexander F. Incera, hereby state as follows:

1.      I am the President of Coburn Technologies International, Inc., Plaintiff in the above-referenced action.

2.      I have read the foregoing Verified Complaint for Money Damages, Declaratory and Injunctive Relief and know the contents thereof.  The same are true of my own knowledge.

I declare and verify under penalty of perjury as set forth in 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this _6th_ day of September, 2019.

_Alexander F. Incera_
Alexander F. Incera

195493 v1 / 31827-056